UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **LANELL STEWART**<br>    *Plaintiff* | *<br>*   **CIVIL ACTION NO.** |
| **VERSUS** | *<br>*   **JUDGE:** |
| **DAIGLE INDUSTRIES, LLC AND**<br>**ABC INSURANCE COMPANY**<br>    *Defendants* | *<br>*   **MAG. JUDGE:**<br>* |

## NOTICE OF REMOVAL

TO:   THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT
      FOR THE MIDDLE DISTRICT OF LOUISIANA
      777 Florida Street, Suite 139
      Baton Rouge, LA 70801

**NOW COMES** Defendant, Daigle Industries, LLC, which, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, removes this action from the 23rd Judicial District Court for the Parish of Ascension, State of Louisiana, to the United States District Court for the Middle District of Louisiana.  Daigle files this Notice of Removal without waiving any rights, defenses, exceptions, or obligations that may exist in its favor in state or federal court.  In support of this Notice of Removal, Daigle avers as follows:

### INTRODUCTION

1.   On June 10, 2022, Plaintiff, Lanell Stewart filed a Petition for Damages against Daigle and ABC Insurance Company in the 23rd Judicial District Court for the Parish of Ascension, State of Louisiana, entitled *Lanell Stewart versus Daigle Industries, LLC, et al.,* Case No. 134,172.

2.   Stewart's lawsuit arises out of her former employment with Daigle and alleges the following causes of action: 1) sexual assault; 2) hostile work environment based on race in

1

violation of 42 U.S.C. § 1981; 3) race discrimination in violation of 42 U.S.C. § 1981; and 4) retaliation in violation of 42 U.S.C. § 1981. Specifically, Stewart contends that a coworker exposed himself while at work, that she reported that she considered the incident sexually harassing, and she reported it to multiple people. Stewart alleges that the incident constituted a sexual assault; that Daigle failed to train its employees; that Stewart worked in a "hostile work environment charged with race discrimination"; that Daigle treated Stewart disparately based on her race with respect to its handling of her sexual harassment complaint; and that Daigle terminated her employment because she is African American and/or because she made a sexual harassment complaint.

3. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings and orders that have been served upon Daigle in this action are attached hereto as Exhibit "A".

4. Daigle has not filed an answer, exceptions, or other pleadings yet and will file its initial responsive pleadings in accordance with Federal Rule of Civil Procedure 81(c).

## THE NOTICE OF REMOVAL IS TIMELY

5. Daigle received service of process on June 28, 2022.

6. In accordance with 28 U.S.C. § 1446 (b), this Notice of Removal is filed within thirty (30) days of Daigle's receipt of service of process of the Petition for Damages. No previous application for removal has been made.

## FEDERAL QUESTION JURISDICTION

7. Federal district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Removal jurisdiction based upon a federal question exists when a federal question is presented on the face of a plaintiff's complaint. *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

8. This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1441(a) because is a civil action in which the Stewart has asserted claims against Daigle arising under 42 U.S.C. § 1981.  In particular, Stewart alleges that, during her employment with Daigle, she was subject to harassment, discrimination, and retaliation due to her race (African American). Accordingly, removal of this suit is proper because it is an action in which this Court has original jurisdiction pursuant to 28 U.S.C. § 1331 as it is a civil action arising under the laws of the United States.  28 U.S.C. § 1441(a).

9. In addition, Stewart's claim for sexual assault under Louisiana law, which this Court might not otherwise have original jurisdiction over, is appropriate to be heard by this Court pursuant to the doctrine of supplemental jurisdiction and arises from the same allegations that comprise of and/or relate to her other claims.  28 U.S.C. § 1367.

## **PROCEDURAL REQUIREMENTS**

10. The United States District Court for the Middle District of Louisiana is the federal judicial district encompassing the Parish of Ascension, where this suit was originally filed.  Therefore, venue is proper in this Court under 28 U.S.C. § 98(c) and 28 U.S.C. § 1441(a).

11. A copy of this Notice of Removal is being served on Stewart and will be filed into the record of the 23rd Judicial District Court, Parish of Ascension, State of Louisiana.

12. As required by 28 U.S.C. § 1446(a), a copy of the entire state court record, including all process, pleadings, and orders served upon Daigle, is attached hereto as Exhibit "A".

13. Pursuant to the requirements of 28 U.S.C § 1446(d), a Notice of Filing, attaching a copy of this Notice as an exhibit, will be promptly filed with the Clerk of Court of the 23rd Judicial District Court, Parish of Ascension, State of Louisiana, as provided by law. *See* Notice of Filing of Notice of Removal, attached hereto as Exhibit "B".

14. The only other defendant in this lawsuit is ABC Insurance Company; however, such fictitious entities are disregarded for removal purposes, and ABC Insurance Company has not been served. Consequently, its consent is not required for removal.

15. No other proceedings have been had in the 23rd Judicial District Court, Parish of Ascension, State of Louisiana, as of the date of the filing of this removal.

16. Daigle reserves the right to amend or supplement this Notice of Removal as necessary.

This the 19th day of July, 2022.

        Respectfully submitted,

        **ADAMS AND REESE LLP**

        */s Hunter J. Schoen*
        ELIZABETH A. ROUSSEL (#27943)
        HUNTER J. SCHOEN (#37862)
        701 Poydras St., Ste. 4500
        New Orleans, LA 70139
        Telephone: (504) 581-3234
        Facsimile: (504) 566-0210
        liz.roussel@arlaw.com
        hunter.schoen@arlaw.com
        *Counsel for Defendant Daigle Industries, LLC*

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a copy of the foregoing pleading has been delivered to all counsel of record via U.S. Mail, e-mail, and/or hand delivery, this 19th day of July, 2022.

                                          */s Hunter J. Schoen*
                                          **HUNTER J. SCHOEN**