# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

LANELL STEWART                                        CIVIL ACTION

VERSUS

DAIGLE INDUSTRIES, LLC, ET AL.              NO. 22-00487-BAJ-SDJ

## RULING AND ORDER

Plaintiff is a truck driver, previously employed by Defendant Daigle Industries, LLC ("Daigle"). In this action, Plaintiff contends that during her tenure at Daigle she suffered harassment, unequal treatment, retaliation, and even assault, due to her gender and race (African-American). Allegedly, these abuses began on August 12, 2019, when "Mr. Noah," a male co-worker, "pulled out his penis while standing directly in front of [Plaintiff]," and culminated six weeks later, on September 27, when Daigle informed Plaintiff "that the company accepted her resignation" despite the fact that Plaintiff "had not resigned." (Doc. 1 at ¶¶ 7, 10, 31).

Plaintiff asserts that between these bookends, she repeatedly complained to her supervisors, to HR, and even to Daigle's top management about her August 12 encounter with "Mr. Noah." (*Id.* at ¶¶ 11-26). In response, Plaintiff's supervisors minimized the incident, and HR brushed off Plaintiff's complaints. (*See id.*). Daigle's Chief Operating Officer allegedly went so far as to say "that if he 'disciplined all male drivers who pulled out their penis in front of female employees then he would have no drivers.'" (*Id.* at ¶ 26). Plaintiff alleges that, after approximately three weeks, Daigle grew tired of her complaints and began issuing unjustified disciplinary

infractions against her, paving the road for her forced "resignation" on September 27. (*Id.* at ¶¶ 27-35).

On June 10, 2022, Plaintiff initiated this action, alleging claims of race-based hostile work environment, disparate treatment, and retaliation, in violation of 42 U.S.C. § 1981, and employer liability for sexual assault under Louisiana law. (*Id.* at ¶¶ 38-90). Inexplicably, despite having submitted a complaint replete with references to "sexual harassment," Plaintiff fails to allege any *claim* of sex-based discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, *or* Title VII's state law equivalent, the Louisiana Employment Discrimination Law, La. R.S. § 23:332, *et seq.* ("LEDL").

Now Daigle moves to dismiss Plaintiff's complaint, arguing that Plaintiff's claims are not plausibly alleged, and that, in any event, Plaintiff's state law assault claim is untimely. (Doc. 5-1). Plaintiff opposes Daigle's motion, *in part.* (Doc. 6).

It hardly bears repeating that, to survive dismissal at the pleadings stage, the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)), and that when conducting its inquiry, the Court accepts all well-pleaded facts as true and views those facts in the light most favorable to the plaintiff. *Bustos v. Martini Club Inc.*, 599 F.3d 458, 461 (5th Cir. 2010). Here, Plaintiff's assault claim passes the bar. First, Louisiana's Protection for Victims of Sexual Assault Act (the "Act") expressly defines civil sexual assault to include conduct of the type Plaintiff alleges against "Mr. Noah";

2

that is, "the intentional ... [e]xposure of the genitals ... in any public place ... with the intent of arousing sexual desire or which appeals to prurient interest or is patently offensive." La. R.S. § 46:2184 (incorporating by reference La. R.S. § 14:106(A)(1)). Plaintiff's assault claim is obviously not time-barred on its face, because Plaintiff filed her action within three years of her alleged encounter with "Mr. Noah." La. C.C. art. 3496.2. Finally, under Louisiana law, Daigle—as "Mr. Noah's" employer—may be liable for "Mr. Noah's" tortious on-the-job conduct. La. C.C. art. 2320.

Plaintiff's employment discrimination claims under 42 U.S.C. § 1981 are another matter. First, Plaintiff's opposition fails to address her claims of disparate treatment and retaliatory discharge, instead focusing solely on her hostile work environment claim. (Doc. 6 at pp. 5-6). "[T]his Court has repeatedly admonished that it will not speculate on arguments that have not been advanced, or attempt to develop arguments on a party's behalf." *Doe v. Bd. of Supervisors of Univ. of Louisiana Sys.*, --- F.Supp.3d ---- 2023 WL 143171, at *17 at n.13 (M.D. La. Jan. 10, 2023). Pursuant to the Court's Local Civil Rules, and consistent with the general rule that a party's failure to adequately brief an issue acts as a waiver, Plaintiff has (for present purposes) waived any argument that her claims of disparate treatment and retaliatory discharge survive dismissal. *Id.* (citing M.D. La. LR 7(d)).

More fundamentally, however, on the present showing it appears that Plaintiff has chosen the *wrong* legal avenue for her workplace discrimination claims. "[F]ederal law is quite clear that § 1981 prohibits only race discrimination, not sex

discrimination." *Jones v. Cont'l Corp.*, 789 F.2d 1225, 1231 (6th Cir. 1986) (citing *Runyon v. McCrary*, 427 U.S. 160 (1976)). Put differently, "sex discrimination is not cognizable under § 1981." *Bobo v. ITT, Cont'l Baking Co.*, 662 F.2d 340, 345 (5th Cir. 1981). Here, while Plaintiff has plausibly alleged sex-based discrimination at Daigle, her complaint makes only *one* allegation of race-based discrimination:

> 72.
>
> Upon information and belief, a white female employee, Alicia, filed a sexual harassment claim against Rev, a black male employee. This complaint was accepted and Rev was later terminated despite being cleared of wrong-doing.

(Doc. 1-2 at ¶ 72).

This single allegation is buried deep in Plaintiff's complaint, and (as alleged) applies *only* to her disparate treatment and retaliation claims—*i.e.*, the claims Plaintiff has waived for present purposes, *supra*. Moreover, this "information and belief" allegation is unaccompanied "by sufficient additional detail to make the allegation 'plausible on its face,'" and must be disregarded for present purposes. *See McLin v. Twenty-First Jud. Dist.*, --- F.Supp.3d ----, 2022 WL 2751611, at *5 (M.D. La. July 13, 2022) (Jackson, J.) (citing *Twombly*, 550 U.S. at 551, 557). As a result, Plaintiff lacks *any* plausible basis to support a claim of race-based hostile work environment in violation of § 1981.

"Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law." *Neitzke v. Williams*, 490 U.S. 319, 326–27 (1989). As a matter of law, § 1981 prohibits only race-based discrimination. *Cont'l Corp.*, 789 F.2d at 1231; *Bobo*, 662 F.2d at 345. Having failed to plausibly allege race-based discrimination,

4

Plaintiff's § 1981 claims must be dismissed.

When a complaint fails to state an actionable claim, the Court should generally give the plaintiff the chance to amend before dismissing the claim with prejudice, unless it is clear that to do so would be futile. *See Jones v. Robinson Prop. Grp.*, L.P., 427 F.3d 987, 994 (5th Cir. 2005) ("Rule 15(a) requires a trial court to grant leave to amend 'freely,' and the language of this rule 'evinces a bias in favor of granting leave to amend." (internal quotations omitted)); *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir.2002) ("district courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable"). Here, it is not clear on the present showing that Plaintiff's employment discrimination claims are necessarily futile—even her race-based discrimination claims. Thus, Plaintiff will be afforded the opportunity to amend, to supplement and amplify her allegations of race-based discrimination, and to properly allege sex-based discrimination under Title VII and the LEDL.

Accordingly,

**IT IS ORDERED** that Daigle's **Motion To Dismiss (Doc. 5)** be and is hereby **GRANTED IN PART**, and that Plaintiff's claims of race-based employment discrimination under 42 U.S.C. § 1981 be and are hereby **DISMISSED**.

**IT IS FURTHER ORDERED** that Plaintiff shall file an amended complaint curing the deficiencies set forth herein, within 21 days of the date of this Order. Plaintiff's failure to timely submit an amended complaint shall be deemed a waiver

of Plaintiff's right to amend, resulting in dismissal *with* prejudice of Plaintiff's claims

under 42 U.S.C. § 1981.

**IT IS FURTHER ORDERED** that Daigle shall file its response to Plaintiff's

amended complaint within 14 days after service of Plaintiff's amended complaint.

**The deadlines set forth in this Order will not be modified or extended**

**absent a showing of good cause.**

Baton Rouge, Louisiana, this 18th day of January, 2023

**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**